UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TRAVION BARBEE, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:24-CV-14-TLS-JEM |
| CARSON SMITH, KEITH EARNEST, MARK FISHER, and CODY FULTZ, | |
| Defendants. | |

**OPINION AND ORDER**

Travion Barbee, a prisoner without a lawyer, filed a complaint raising claims stemming from his arrest on January 10, 2023. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Barbee is detained at the Tippecanoe County Jail, awaiting trial on charges related to attempted murder and battery. *See Indiana v. Barbee*, No. 79D02-2301-F1-1 (Tippecanoe Super. Ct. filed Jan. 18, 2023). Barbee sues the Lafayette police officers who arrested him, alleging they did not have probable cause to arrest him and used excessive force during the arrest by pointing their guns at him.

The probable cause affidavit attached to the complaint states that police officers were dispatched to Centennial Park in Lafayette to respond to a stabbing. ECF No. 1-3 at 1. One

victim related that an unknown black male approached her at the park, called her a name, and then started hitting her. The second victim came over to help her and also began fighting the man. Soon after, the assailant ran off. Both victims had been stabbed with a knife. The probable cause affidavit goes on to reveal that while searching for the assailant, Officer Carson Smith stopped Barbee because "he appeared similar to the male described by [the stabbing victims]. Officer Smith observed the male was sweating and out of breath, as if he had been running. He had grass stains on his clothing, and what appeared to be blood on his shoes, and more blood stains on his pants." *Id.* Officer Smith's own statement provides more detail: "I observed a stocky black male walk onto 13th St. from the area of Cincinnati St. The male was wearing a black sweatshirt and dark colored pants; he also had dreads, which was consistent with the suspect description. It should be noted that his shirt was wet as if he had been sweating. Since the male matched the description and was in the immediate area of the potential last known location due to K9 track, I then drew my department issued firearm, pointed it at the male . . . and began giving him commands to get on the ground." *Id.* at 3.

With probable cause, "the issue is whether a reasonable officer, with the same information known to [the officer] at the time, would have had probable cause to arrest [the defendant] for any offense." *Williams v. Rodriguez*, 509 F.3d 392, 399 (7th Cir. 2007). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is a flexible, common-sense, totality-of-the-circumstances standard." *United States v. Schenck*, 3 F.4th 943, 946 (7th Cir. 2021) (cleaned up). Here, Officer Smith's unrebutted statement provides a valid basis for probable cause to believe Barbee was the suspect who had committed the stabbings. The Complaint does not plausibly allege facts showing an arrest without probable cause.

Turning to the excessive-force claim, Barbee alleges that Officer Smith and Officer Keith Earnest used excessive force during the arrest when they pointed their firearms at him when he was laying face-down on the sidewalk and complying with police commands. The two officers kept their firearms pointed at Barbee while Officer Cody Fultz and Officer Mark Fisher arrived and handcuffed him on the sidewalk. *Id.* at 3–6.

Excessive force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene.'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id*. (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (cleaned up). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or committed a crime involving the infliction or threatened infliction of serious physical harm and is about to escape." *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020) (citations omitted). "[W]hile police are not entitled to point their guns at citizens when there is no hint of danger, they are allowed to do so when there *is* reason to fear danger." *Baird v. Renbarger*, 576 F.3d 340, 346 (7th Cir. 2009) (citation omitted). Here, the officers were aware that Barbee was a suspect in an unprovoked

3

stabbing and had fled the scene. Barbee has not plausibly alleged that it was unreasonable for the officers to point their firearms at him until he could be restrained.

This Complaint does not state a claim for which relief can be granted. If Barbee believes he can state a claim based on (and consistent with) the events described in this Complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court hereby:

(1) GRANTS Travion Barbee until **May 7, 2024**, to file an amended complaint; and

(2) CAUTIONS Travion Barbee if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current Complaint does not state a claim for which relief can be granted.

SO ORDERED on April 3, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT