UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TRAVION BARBEE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CARSON SMITH, KEITH EARNEST,<br>MARK FISHER, and CODY FULTZ,<br><br>　　　　Defendants. | CAUSE NO.: 4:24-CV-14-TLS-JEM |

**OPINION AND ORDER**

Travion Barbee, a prisoner without a lawyer, filed a motion for leave to appeal in forma pauperis. ECF Nos. 10, 11. However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) (describing "bad faith" as objective frivolousness). In this context, "good faith" does not mean that the plaintiff has subjectively good intentions. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Rather, "to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Id.*

In this case, the Court screened the complaint and determined that it did not state a claim. ECF No. 4. The complaint and attached documents established that, contrary to Barbee's assertion, the police officers had probable cause to seize him as a suspect in a stabbing at a nearby park. Similarly, the suspect's flight from the crime scene and the violent nature of the suspected crime provided a reasonable basis for the police officers to point their guns at Barbee until he could be restrained, foreclosing a claim for excessive force. Barbee was given the opportunity to file an amended complaint to provide details that would challenge the Court's

conclusions in the screening order. When the Court did not hear from Barbee by the deadline or in the weeks after, it dismissed the case. ECF Nos. 4, 5.

In his motion, Barbee states two issues for appeal. The first issue he presents is whether the Court erred in dismissing the complaint for not receiving an amended complaint by the deadline, even though he says he moved for an extension of time and asked for the Court to send him the proper complaint form. This does not provide a reasonable basis for appeal because the Court did not receive a motion for an extension of time or a request to send the form, and Barbee never alerted the Court to this missing motion after the case was dismissed. Instead, he immediately filed a notice of appeal.[1] It would be frivolous to argue that the Court erred by not granting Barbee an extension of time when there was no such motion before the Court.

The second issue Barbee raises is whether the complaint states a claim for which relief can be granted. Barbee gives no reason in his motion why he believes the Court's screening order was incorrect. However, in his Notice of Appeal, he handwrote a note on a copy of the Court's screening order in response to this passage:

> The probable cause affidavit goes on to reveal that while searching for the assailant, Officer Carson Smith stopped Barbee because "he appeared similar to the male described by [the stabbing victims]. Officer Smith observed the male was sweating and out of breath, as if he had been running. He had grass stains on his clothing, and what appeared to be blood on his shoes, and more blood stains on his pants." [ECF No. 1-3 at 1.] Officer Smith's own statement provides more detail: "I observed a stocky black male walk onto 13th St. from the area of Cincinnati St. The male was wearing a black sweatshirt and dark colored pants; he also had dreads, which was consistent with the suspect description. It should be noted that his shirt was wet as if he had been sweating. Since the male matched the description and was in the immediate area of the potential last known location due to K9 track, I then drew my department issued firearm, pointed it at the male . . . and began giving him commands to get on the ground." *Id.* at 3.

---

[1] Although the Notice of Appeal was not docketed until June 27, 2024, it took a circuitous route to arrive at the Court. ECF No. 7. Barbee dated the notice May 30, 2024, and addressed the envelope to the federal courthouse in Lafayette, Indiana. ECF No. 7-2. The May 31, 2024 postmark confirms a prompt mailing. *Id.* However, from there, it was forwarded to the Bankruptcy Court in South Bend before arriving at this Court. *Id.*; ECF No. 7-3.

2

ECF No. 4 at 2 (first alteration in original). In response to this passage, Barbee wrote that he wanted to "point out suspected blood was discovered after arrest by different officer. At the time of stop, no visual of bloodstains, grass stains." ECF No. 7-1 at 4.

From this, it can be inferred that in an amended complaint, Barbee would contest that the arresting officer would have been able to see bloodstains or grass stains on him before he was ordered to get on the ground. That change would not affect the Court's conclusion that the complaint and attached exhibits established Officer Smith had probable cause to stop Barbee. The probable cause affidavit was written to establish probable cause for the warrantless arrest; Officer Smith's own statement about why he stopped Barbee does not mention bloodstain or grass stains. His statement noted that Barbee's clothing and hair matched the description of the suspect, his shirt looked as if he had been sweating, and he was in the immediate area of where the K9 had last scented the suspect. Even without the additional details of grass stains and bloodstains, the details in Officer Smith's statement establishes a "probability or substantial chance" that Barbee was the suspect they were looking for. *United States v. Schenck*, 3 F.4th 943, 946 (7th Cir. 2021) ("Probable cause is not a high standard. It simply means there is a reasonable likelihood evidence of wrongdoing will be found.").

Therefore, even if Barbee had filed an amended complaint raising this issue, he would still not state any plausible claims that could proceed. He has not raised any potentially meritorious argument to draw the Court's conclusion into question.

Accordingly, the Court certifies, in writing, that this appeal is not taken in good faith. Therefore, the motion to appeal in forma pauperis [ECF Nos. 10, 11] is DENIED.

SO ORDERED on September 24, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT